UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>TAMRELL RENA HORNBUCKLE,<br><br>Movant. | No. 2:11-cr-0327 DAD AC<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 218. Respondent opposes the motion. ECF No. 230.

I.     Factual and Procedural Background

On May 3, 2012, movant pled guilty to two counts of sex trafficking of children by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Counts Four and Eight of the indictment). ECF Nos. 113, 119. On October 18, 2012, she was sentenced to a total of 151 months in prison and judgment was entered on October 23, 2012. ECF Nos. 153, 158. Movant appealed her sentence (ECF No. 151), which was affirmed by the Ninth Circuit on April 21, 2015 (ECF No. 194). Subsequently, movant filed the present § 2255 motion on June 20, 2018. ECF No. 218.

////

II. <u>Motion to Vacate, Set Aside, or Correct Sentence</u>

Movant seeks to correct her sentence on four grounds. In Ground One, movant contends that counsel was ineffective when he failed to admit testimony from one of her victims that movant did not force the victim into prostitution, did not file motions to suppress or to cross examine witnesses, and failed to explain U.S.S.G. 2G1.3(b)(4)(B). ECF No. 218 at 3-4. Ground Two asserts that counsel was ineffective because he failed to present facts that movant did not drop her victim off at the meeting place of force her victim to do anything or go anywhere, and because counsel did not file a motion to suppress or obtain an evidentiary hearing. <u>Id.</u> at 4-5. In Ground Three, movant argues that there was no evidence that she was violent toward one of her victims except for the testimony of another victim, who counsel failed to cross-examine; that she was not given an opportunity to testify on her own behalf; and that counsel failed to file any motions in support of her case or argue on her behalf. <u>Id.</u> at 6. Finally, Ground Four alleges that counsel was ineffective because he "did not assert any claims, defended [sic] petition, filed no motions on petitioner's behalf, he did not talk to none of the witnesses during her trial court nor evidentiary hearing, he did NOT argue for the petitioner at all during any and all hearings. He did not question the witnesses." <u>Id.</u> at 7.

Movant further asserts that her motion should be considered timely because counsel did not communicate with her after the appeal, counsel told her he was going to file movant's § 2255 motion, movant has no knowledge of the law and has faced many difficulties due to her incarceration, and she was institutionalized and deemed mentally incompetent. <u>Id.</u> at 9-10.

III. <u>Opposition</u>

Respondent opposes movant's § 2255 motion on the grounds that it is untimely, waived, and meritless. ECF No. 230. The government argues that the statute of limitation was triggered by the finality of judgment, and because movant fails to identify an alternate trigger date or establish grounds for equitable tolling, the motion is untimely by nearly two years. <u>Id.</u> at 4-7. Alternatively, respondent argues that movant waived the right to appeal in the plea agreement and that the claims lack merit. <u>Id.</u> at 7-14.

////

IV.     Statute of Limitations

A one-year statute of limitation applies to a motion filed under 28 U.S.C. § 2255.  The clock begins to run from one of several alternative triggering dates.  28 U.S.C. § 2255(f).  In most cases, the applicable date is "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."  Clay v. United States, 537 U.S. 522, 532 (2003).

Here, the Ninth Circuit affirmed movant's sentence on April 21, 2015.  ECF No. 194.  She then petitioned for rehearing en banc, which was denied on June 30, 2015.  United States v. Hornbuckle, No. 12-10615 (9th Cir.), ECF Nos. 75, 76.  Movant did not petition for writ of certiorari (ECF No. 218 at 2), and judgment therefore became final on September 28, 2015.  See Sup. Ct. R. 13(1) (petition for writ of certiorari due within ninety days after entry of judgment), (3) (where party files a petition for rehearing in lower court, time to file petition for certiorari runs from date of denial of rehearing).  The statute of limitations therefore expired on September 28, 2016.  Movant filed this § 2255 motion on June 11, 2018,[1] almost two years after the statute of limitations expired.  The motion is therefore untimely unless she is entitled to an alternate trigger date or equitable tolling.

A.  Alternate Trigger Date

In addition to the date from which the judgment became final, § 2255 provides several alternate dates from which the statute of limitations may begin to run, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).  In addressing the timeliness of her motion, movant recites the rule that the statute of limitations does not begin to run until the injury and its cause are discovered or should have been discovered by reasonable diligence.  ECF No. 218 at

---

[1] Since movant is a prisoner proceeding pro se, she is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

10. However, movant's explanation of her delay focuses on the reasons she did not file her § 2255 motion sooner; she does not provide any facts related to delayed discovery of her claims. Id. at 9-10. All the stated grounds for relief involve trial counsel's alleged failure to present evidence, file evidentiary motions, and explain sentencing guidelines. The facts underlying these claims are all facts that movant would have known, or could have discovered through the exercise of reasonable diligence, well before her sentence became final. Accordingly, there is no basis for a for a later trigger date under § 2255(f).

### B. Equitable Tolling

In her § 2255 motion, movant argues that the untimeliness of her motion should be excused because her attorney told her he would file the § 2255 motion but failed to do so and he failed to communicate with her after her appeal. ECF Nos. 218 at 9. She further asserts that in addition to being incarcerated, she has no knowledge of the law and has been deemed mentally incompetent, and that she is entitled to equitable tolling based on her incompetence. Id. at 9-10. Respondent disputes movant's claim to equitable tolling and argues that she is not entitled to tolling based on any of the grounds raised. ECF No. 230 at 4-7. Movant did not file a reply responding to these arguments.

#### 1. Legal Standard

To be entitled to equitable tolling, a movant must show: "'(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir. 2004) ("The statute of limitations contained in § 2255 is subject to equitable tolling."). "Equitable tolling is available 'only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.'" United States v. Gilbert, 807 F.3d 1197, 1202 (9th Cir. 2015) (alteration in original) (quoting Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010)). Movant bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418.

                    2.    <u>Incarceration and Lack of Legal Knowledge</u>

Movant asserts that the lateness of her petition should be excused due to her lack of legal knowledge and unspecified "difficulty" she experienced throughout her incarceration. ECF No. 218 at 9-10. However, the Ninth Circuit has clearly held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling," <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006), and "[o]rdinary prison limitations" do not constitute extraordinary circumstances, see <u>Ramirez v. Yates</u>, 571 F.3d 993, 998 (9th Cir. 2009) ("[o]rdinary prison limitations" on access to law library and copier not extraordinary, did not prevent timely filing, and "concluding otherwise would permit the exception to swallow the rule" considering "the most common day-to-day security restrictions in prison").

                    3.    <u>Attorney Conduct</u>

Movant asserts that her § 2255 motion should be considered timely because after sentencing counsel told her he would "do everything on petitioner's behalf," he told her he was going to file a § 2255 motion for her, and he did not communicate with her after her appeal. ECF No. 218 at 9.

An attorney's conduct may be considered an extraordinary circumstance for purposes of equitable tolling. <u>Holland</u>, 560 U.S. at 651-54 (holding that sufficiently serious attorney misconduct may rise to the level of extraordinary circumstances warranting equitable tolling). However, mere negligence is not enough to support tolling, <u>id.</u> at 651-52, and movant must also show that counsel's conduct was the cause of the untimeliness, <u>United States v. Buckles</u>, 647 F.3d 883, 890 (9th Cir. 2011) (there must be a "causal link between counsel's alleged actions and the untimeliness of the § 2255 motion" (citation omitted)). As discussed below, movant fails to show entitlement to equitable tolling because the chronology of the case is inconsistent with the requisite diligence.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." <u>Holland</u>, 560 U.S. at 653 (quotation marks and internal citations omitted). Assuming without deciding that counsel agreed to file a § 2255 motion for movant and failed to do so, and that such conduct was sufficiently egregious to constitute an extraordinary

5

circumstance, see Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) ("acts or omissions that transcend garden variety negligence and enter the realm of 'professional misconduct' may give rise to extraordinary circumstances if the misconduct is sufficiently egregious" (citations omitted)), movant fails to demonstrate that she was reasonably diligent in filing her § 2255 motion.  While reasonable diligence does not require movant to have immediately checked up on counsel, waiting nearly three years from the denial of her petition for rehearing en banc, particularly in the face of counsel's alleged lack of communication after the appeal, does not demonstrate the requisite diligence.  See Gibbs v. Legrand, 767 F.3d 879, 890 n.9 (9th Cir. 2014) ("reliance on an attorney must be 'reasonable'" (citation omitted)); Luna, 784 F.3d at 650 ("To establish diligence here, [petitioner] must show not only that he kept in touch with [counsel], but also that it was reasonable for him to continue relying on [counsel's] assurances about the progress of his case.").  Movant could have easily discovered counsel's failure at any time if she had exercised reasonable diligence and requested a docket sheet from the court.  See Silva-Isais v. United States, No. 1:11-cr-0178 LJO, 2014 WL 37245, at *2, 2014 U.S. Dist. LEXIS 1600, at *7 (E.D. Cal. Jan. 6, 2014) (movant was not diligent where he contacted counsel several times but received no response and waited over two years to request a docket sheet from court); United States v. Rodriguez, 858 F.3d 960, 963-64 (5th Cir. 2017) ("[c]omplete inactivity in the face of no communication from counsel does not constitute diligence" where movant waited to contact the court until almost fifteen months after the time to appeal expired (citation omitted)); Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (a diligent person "would have discovered counsel's failure to notice an appeal well over a year before he filed his [§ 2255] motion" where the motion was filed fifteen months after judgment became final).

    Because movant fails to demonstrate she exercised diligence in discovering counsel's alleged failure to file her § 2255 motion, she has not met her burden in showing that she has been diligently pursing her rights and is therefore not entitled to equitable tolling.[2]

---

[2] A movant "should receive an evidentiary hearing when he makes 'a good-faith *allegation that would, if true*, entitle him to equitable tolling.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003)).  However, in this case, an (continued)

4. Competency

Movant asserts that she is entitled to equitable tolling because she was "adjudged mentally incompetent" and is currently taking multiple medications to treat her mental health conditions. ECF No. 218 at 10. Respondent argues that movant has not provided any evidence that her mental impairment made her unable to timely file the motion and that her psychological records do not support any claim for equitable tolling. ECF No. 230 at 6-7.

"A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015) (citing Bills v. Clark, 628 F.3d 1092, 1099-1100 & n.2 (9th Cir. 2010)). A movant must also demonstrate "diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." Bills, 628 F.3d at 1100. "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna, 784 F.3d at 651 (citing Gibbs, 767 F.3d at 891-92).

Movant provides no elaboration on her mental impairment, when she suffered from the impairment, or its effect on her ability to timely file a § 2255 motion. Accordingly, there are no proffered facts which could support a finding that she was suffering from a mental impairment that would rise to the level of an extraordinary circumstance or that any such impediment occurred during a time when the statute of limitations was running. Respondent has provided movant's mental health records from the Bureau of Prisons, which span from November 8, 2012, to July 16, 2019. ECF No. 236-1. Review of these records shows that the interval between substantive reports is not consistent until June 2017, after which point they occurred at least once

---

evidentiary hearing is unnecessary because the court has assumed the truth of movant's allegations and found they do not demonstrate that she is entitled to equitable tolling.

7

a month. Id. Prior to June 2017, there are some significant gaps between the substantive reports regarding movant's condition, the largest of which is the approximately nineteen-month gap between December 10, 2014, and July 16, 2016. Id. Because the statute of limitations began running on September 28, 2015, the court's analysis will focus on records from that date through June 11, 2018, when movant filed the instant motion.

The first record of movant's mental health condition during the relevant time period is from July 7, 2016, and notes that movant had "[n]o significant mental health issues," that "[h]er appearance, sanitation, and hygiene was adequate . . . and her affect was appropriate," and that "[n]o non-routine psychological intervention is required at this time." ECF No. 236-1 at 33. The reports continue on an approximately monthly basis until November 18, 2016, and though they indicate that at times movant reported increased mental health symptoms, she was routinely described as having "[n]o significant mental health issues;" being "alert and oriented," or "oriented X3," with "logical thoughts;" and not requiring follow-up or non-routine psychological intervention. Id. at 21-32. The November 18, 2016 report is followed by an approximately seven-month gap, with movant being seen again on June 14, 2017. Id. at 19-20. The assessment indicated that she was being designated at the second mental health care level[3] and was experiencing "[c]hronic pathology with a moderate decrease in functioning." Id. After June 14, 2017, reports were made on an approximately monthly basis through the filing of the instant motion and report movant was alert and oriented, had a "concrete thought process" or "logical, linear thought process," and was compliant with her medications which were effective at managing her symptoms. Id. at 2-18, 85-87.

Having reviewed movant's mental health records, the court finds that there is substantial evidence that movant was sufficiently competent and capable of filing her § 2255 motion within the statute of limitation. See Orthel, 795 F.3d at 939-40 (district court was not obligated to hold evidentiary hearing on petitioner's competence where record was "amply developed" by

---

[3] The assessment indicates that there were four levels of mental heath care, with criteria for level four including "a lack of functioning or increased level of disorganization" and depression or anxiety rending normal functioning "impossible." ECF No. 236-1 at 20. Neither of these criteria were indicated for movant. Id.

submission of medical records from relevant time period). Moreover, even if the court assumes that movant was not competent during the times covered by the gaps in her records, those gaps do not provide sufficient tolling to make the motion timely.[4]

### C. Conclusion

Because movant is not entitled to an alternate trigger date or equitable tolling, her § 2255 motion is untimely and should be dismissed on that basis. In light of the finding that the motion is untimely, the court declines to consider respondent's arguments that movant waived her right to appeal and that her claims lack merit.

### V. Plain Language Summary of this Order for a Pro Se Litigant

The magistrate judge is recommending that your § 2255 motion be dismissed because you filed it almost two years after the deadline. The one-year period to file your claims began when your conviction was final. You can't rely on a later "trigger date" because you knew about the alleged ineffective assistance of counsel (what your lawyer did and didn't do in district court) at the time. Your lawyer's failure to file a § 2255 motion for you can't excuse the lateness because you waited so long to find out what was going on and do it yourself. Finally, your mental health records from BOP do not show that mental illness made it impossible for you to file the motion sooner, so equitable tolling does not apply. The district judge will make the final decision, and you may submit written objections to this recommendation.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (ECF No. 218) be DISMISSED as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[4] The motion was filed 621 days after the expiration of the statute of limitations. The gap between September 28, 2015, and July 7, 2016, provides 283 potential days of tolling while the gap between November 18, 2016, and June 14, 2017, provides an additional 208 potential days of tolling, for a total of 491 days.

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE