UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>TAMRELL RENA HORNBUCKLE,<br><br>Defendant-Movant. | No. 2:11-cr-00327-DAD-AC-2<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE PENDING 28 U.S.C. § 2255 MOTION AS UNTIMELY<br><br>(Doc. No. 218, 248) |

Defendant-Movant Tamrell Rena Hornbuckle is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 218.) In her motion filed on June 20, 2018, movant asserts four grounds for relief, all of which are based on her contention that she received ineffective assistance from her trial counsel. (*Id.*) On June 26, 2018, the court directed the Clerk of the Court to assign a magistrate judge to review the pending motion. (Doc. No. 221.) On August 5, 2019, the government filed an opposition to defendant's § 2255 motion on the grounds that it was filed after the one-year statute of limitations for the seeking of such relief had expired and that defendant had failed to submit any basis for the tolling of the applicable limitations period. (Doc. No. 230.)[1] The government alternatively

/////

---

[1] On August 25, 2022, the case was reassigned to the undersigned district judge. (Doc. No. 246.)

1

1  argued that the pending § 2255 motion is meritless and was waived by defendant pursuant to her
2  plea agreement.  (*Id.* at 7–14.)
3       On May 21, 2024, the assigned magistrate judge issued findings and recommendations
4  recommending that defendant's pending § 2255 motion be dismissed as untimely.  (Doc. No. 248
5  at 9.)  The magistrate judge found that defendant's motion was untimely because she filed it
6  nearly two years after the one-year statute of limitations period expired.  (*Id.* at 3.)  Because it
7  was recommended that the motion be dismissed as untimely, the magistrate judge did not address
8  the government's alternative arguments in opposition to the motion.  (*Id.* at 9.)  Those findings
9  and recommendations were served on the parties and contained notice that any objections thereto
10 were to be filed within fourteen (14) days after service of the findings and recommendations and
11 that any response to objections be filed within fourteen (14) days of service of objections.  (*Id.* at
12 9–10.)  No objections to the pending findings and recommendations have been filed, and the time
13 in which to do so has passed.
14      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
15 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
16 pending findings and recommendations are supported by the record and proper analysis.
17      Having concluded that the pending § 2255 motion must be dismissed as untimely, the
18 court will also decline to issue a certificate of appealability.  In this regard, a movant cannot
19 appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate
20 of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of
21 appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the
22 denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate
23 whether (or, for that matter, agree that) the [motion] should have been resolved in a different
24 manner or that the issues presented were 'adequate to deserve encouragement to proceed
25 further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.
26 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.
27 /////
28 /////

For the reasons explained above:

1. The findings and recommendations filed on May 21, 2024 (Doc. No. 248) are adopted in full;

2. Defendant Tamrell Rena Hornbuckle's motion brought pursuant to 28 U.S.C. § 2255 (Doc. No. 248) is dismissed as time barred;

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

4. The Clerk of the Court is directed to close this case as well as the companion civil case No. 2:18-cv-01782-DAD-AC.

IT IS SO ORDERED.

Dated:  **August 2, 2024**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE